## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EQUITY PRIME MORTGAGE LLC,

       *Plaintiff*,

v.

       Case No. 25-1264-EFM-GEB

MARK SANDERS, et al.,

       *Defendants*.

## MEMORANDUM AND ORDER

Plaintiff Equity Prime Mortgage LLC originally filed this foreclosure action in state court against Defendant Mark Sanders and others in April 2024.[1] The case was proceeding in state court through foreclosure. On November 18, 2025, Defendant Sanders removed the case to this Court asserting that the Court has original jurisdiction. Plaintiff timely filed a Motion to Remand (Doc. 3), and Defendant failed to respond. Because Defendant's Notice of Removal is untimely and because Defendant fails to establish that this Court has subject matter jurisdiction, the Court grants Plaintiff's Motion and remands this case to state court.

### I.      Factual and Procedural Background

Plaintiff filed this foreclosure action on April 4, 2024, in the District Court of Sedgwick County, Kansas. Plaintiff sought to foreclose on Defendant's residential mortgage because he had not made payments since October 2023.

---

[1] Defendant Sanders is the only Defendant listed on the Notice of Removal although other defendants were named in the foreclosure action. The Court will refer to Defendant Sanders in the singular.

Defendant was served on or about April 11, 2024. The litigation proceeded, and the state court granted summary judgment against Defendant on October 11, 2024. The sale was confirmed on August 5, 2025. And on November 13, 2025, the state court issued a Writ of Assistance ordering the eviction of Defendant.

Five days later, on November 18, 2025, Defendant filed a Notice of Removal in this Court. He asserts that the Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331. He also states that the removal is timely.

Plaintiff filed a Motion to Remand. Defendant failed to respond.[2] Thus, the Motion is ready for a ruling.

## II.    Legal Standard

A party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[3] The removal must contain a "short and plain statement of the grounds for removal" and must "be filed within 30 days after the receipt by the defendant" of the state court complaint.[4]

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction."[5] Under 28 U.S.C. § 1331, federal courts have original jurisdiction over cases "arising under" the Constitution and laws of the United States, regardless of the amount in controversy (federal question jurisdiction). "A case arises under federal law if its 'well-pleaded complaint

---

[2] Pursuant to D. Kan. Rule 7.1(c), "[i]f a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice."

[3] 28 U.S.C. § 1441(a).

[4] 28 U.S.C. § 1446(a)-(b).

[5] *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013) (quoting *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir.2012)).

establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[6] Additionally, under 28 U.S.C. § 1332, federal courts also have jurisdiction over civil actions where there is a diversity of citizenship and the amount in controversy exceeds $75,000.

The Court has an independent obligation to satisfy itself that subject matter jurisdiction is proper.[7] The party invoking federal jurisdiction bears the burden of establishing it by a preponderance of the evidence.[8] In addition to a lack of subject matter jurisdiction, defects in the removal procedure may justify remand back to the state court.[9] A procedural defect includes an untimely notice of removal.[10]

Defendant appears pro se. The Court therefore construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.[11] But the Court does not act as his advocate.[12] And Defendant, though proceeding pro se, remains bound by "the same rules of procedure that govern other litigants."[13]

## III.     Analysis

Plaintiff asserts that even if the Court has a basis for jurisdiction, Defendant's Removal is untimely because he filed his Notice of Removal 18 months after the case was first filed in

---

[6] *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

[7] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[8] *Dutcher*, 733 F.3d at 985.

[9] *See* 28 U.S.C. § 1447(c); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076–77 (10th Cir. 1999).

[10] *Huffman*, 194 F.3d at 1077 ("The failure to comply with these express statutory requirements for removal can fairly be said to render the removal defective and justify a remand.") (internal quotation marks and citation omitted).

[11] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Id.*

[13] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks and citation omitted).

Sedgwick County. In addition, Plaintiff contends that Defendant has actively pursued his claims in state court, and he essentially seeks to appeal unfavorable rulings in this Court.

Under 28 U.S.C. § 1447(c), a federal district court must remand an action removed from state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[14] Here, there is no basis for federal subject matter jurisdiction. Defendant states in his Notice that the Court has original jurisdiction under § 1331. Yet, "[f]ederal-question jurisdiction must arise from a plaintiff's 'well-pleaded complaint' or petition."[15] There are no federal claims in Plaintiff's state court foreclosure action, and Defendant's "potential constitutional defenses or counterclaims are irrelevant to the jurisdictional inquiry."[16] Accordingly, Defendant does not establish federal question jurisdiction as a basis for removal.

In addition, Defendant did not timely remove the case. Under 28 U.S.C. § 1446(b), a defendant has 30 days to remove a case from state court to federal court "after receipt . . . through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."[17] In this case, Defendant states that the removal is timely because "the basis for removal—the essential federal nature of the claim—was not clearly ascertainable where the extinguished alleged debt gave rise to a federal question concerning the unconstitutional deprivation of property without due process." The Court is unclear as to Defendant's meaning, and Defendant does not set forth when he ascertained this basis for removal. Thus, Defendant does not demonstrate to the Court that he

---

[14] 28 U.S.C. § 1447(c).

[15] *Towd Point Mortg. Tr 2019-3, U.S. Bank Nat'l Ass'n v. Mead*, 2022 WL 268062, at *2 (D. Kan. Jan. 28, 2022) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

[16] *Id.* (citing *Devon Energy Prod. Co., L.P., v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012)).

[17] 28 U.S.C. § 1446(b)(3).

removed the state court complaint within 30 days of ascertainability of a federal question. Regardless, there is no basis for federal question jurisdiction, and thus it cannot be ascertained from any pleadings in state court. Accordingly, Defendant's removal is untimely.

In sum, the Court lacks subject matter jurisdiction, and Defendant's removal is untimely. Thus, the Court grants Plaintiff's Motion to Remand.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 3) is **GRANTED**. This case is remanded back to the District Court of Sedgwick County, Kansas.

**IT IS SO ORDERED.**

Dated this 6th day of February, 2026.

This case is closed.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE